1

2

3

4

5

6

7

8

9                          IN THE UNITED STATES DISTRICT COURT

10                       FOR THE EASTERN DISTRICT OF CALIFORNIA

11   WILLIE D. JEFFERSON,

12             Plaintiff,                    No. CIV S-06-0756 DAD

13        v.

14   MICHAEL J. ASTRUE,[1]               ORDER
     Commissioner of Social Security,
15
               Defendant.
16   _____/

17             This social security action was submitted to the court, without oral argument, for

18   ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary

19   judgment.  For the reasons explained below, plaintiff's motion is granted in part, defendant's

20   cross-motion for summary judgment is denied, the decision of the Commissioner of Social

21   Security (Commissioner) is reversed, and the case is remanded for further proceedings.

22   /////

23   /////

24

25        [1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security.
     Mr. Astrue is substituted as defendant in this suit pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ.
26   P. 25(d)(1).

                                              1

# PROCEDURAL BACKGROUND

Plaintiff Willie Jefferson applied for Social Security Income (SSI) benefits under Title XVI of the Social Security Act (Act).[2]  Plaintiff first applied for SSI on October 9, 1998.[3] (See Transcript (Tr.) at 13, 20, 27.)  The Commissioner denied the October 9, 1998 application initially and on reconsideration.[4]  (See Tr. at 13, 20, 26.)  Pursuant to plaintiff's request filed January 26, 2000, a hearing was held before an administrative law judge (ALJ) on July 20, 2000, at which plaintiff waived his presence and was represented by a non-attorney.  (See id.)  In a decision dated January 22, 2001, ALJ Linwood Perkins, Jr. determined that plaintiff was not disabled through the date of the decision.  (Tr. at 20-25.)

On March 2, 2001, plaintiff filed a request for Appeals Council review of ALJ Perkins' decision.  (Tr. at 47.)  In response to the request, on May 18, 2001, the Appeals Council sent plaintiff a letter indicating that it had concluded that there was no basis for granting plaintiff's request for review of the ALJ's decision, the request for review was denied, and "the [ALJ's] decision stands as the final decision of the Commissioner."  (Tr. at 47-48.)  However, unlike the usual case, the letter also acknowledged plaintiff's request for an extension of time to submit additional medical evidence and stated that "the Appeals Council will consider any evidence submitted."  (Tr. at 47.)  The Appeals Council thereafter continued to take action inconsistent with the notion that a final decision by the Commissioner had been rendered.  Thus,

---

[2]  This case concerns plaintiff's first and second applications.  It appears from the administrative record that a third application was filed on March 13, 2003, although no information appears in the record regarding the disposition of this application, and neither party references it in their briefing.  (See Tr. at 53-56.)

[3]  Defendant refers to October 9, 1998 as the date plaintiff filed his application for SSI but cites to plaintiff's subsequent application dated October 17, 2002.  (See Def.'s Cross-Mot. for Summ. J. at 1 (citing transcript at 49-52).)  The October 9, 1998 application is not part of the administrative record lodged by defendant.

[4]  This initial denial, plaintiff's application for reconsideration, and the decision upon reconsideration are not included in the administrative record lodged by defendant with the court. Plaintiff, however, has provided the court with a copy of the December 23, 1999 decision on reconsideration.  (See Pl.'s Compl., Ex. 2, Attach. 5.)

1   in a letter dated July 16, 2001 and sent to plaintiff's non-attorney representative, a hearings and

2   appeals analyst with the Council, advised that the Appeals Council "will defer action on the case

3   for a period of 40 days awaiting receipt of any additional evidence or arguments you may wish to

4   submit." (Pl.'s Compl., Ex. 2, Attach. 3.[5])   The analyst's letter concluded that "[i]f nothing is

5   received within the next 40 days, the Council will proceed with its action on this case based on

6   the present record."  (Id.)

7          Plaintiff has submitted evidence to the court in support of his motion for summary

8   judgment that his non-attorney representative faxed medical reports and requests for further

9   extensions of time to the Appeals Council on plaintiff's behalf on eleven occasions between

10  April 23, 2001 and March 7, 2002, and that the Appeals Council did not act on, or even

11  acknowledge, any of the submissions.  (Pl.'s Compl., Ex. 2 at 1.)  Rather, it appears that the July

12  16, 2001 letter from the Council's hearings and appeals analyst to plaintiff's non-attorney

13  representative was the last action taken by the Commissioner on plaintiff's initial SSI

14  application.

15          Having heard nothing back from the Appeals Council, plaintiff filed his second

16  application for SSI on November 17, 2002, again alleging that his disability began on August 31,

17  1998.  (Tr. at 49-52.)  Upon consideration of the new application, the Social Security

18  Administration (SSA) preliminarily determined that plaintiff was eligible for SSI benefits but

19  that his disability onset date was not until September 1, 2002.  (Tr. at 29.)  On March 13, 2003,

20  plaintiff requested reconsideration, claiming he has been disabled continuously since August

21  1998.  (Tr. at 32.)  On August 23, 2004, the SSA notified plaintiff that his request for

22  reconsideration had been accepted improperly and had been returned to the field office on April

23  8, 2003 because there was already an ALJ decision regarding plaintiff's disability for the period

24

25          [5] This July 16, 2001 letter sent to plaintiff's non-attorney representative is not included in
    the administrative record lodged by defendant with the court.  Rather, plaintiff has provided the
26  court with a copy of it.  (See Pl.'s Compl., Ex. 2, Attach. 3.)

3

1  dating back to August 1998.  (Tr. at 33.)  On September 22, 2004, plaintiff requested a hearing

2  before an ALJ, stating: "I was told by Ms. Capone of Appeals Council that further evidence

3  would be considered . . . that decision went out prematurely.  I submitted further evidence which

4  was never responded to."  (Tr. at 36.)

5         Another administrative hearing was held before ALJ Richard P. Laverdure on

6  February 28, 2005.  (Tr. at 13-16, 210-26.)  In his decision dated April 11, 2005, ALJ Laverdure

7  denied plaintiff's requests to submit new evidence and to reopen and revise the denial of his

8  October 9, 1998 SSI application.  (Tr. at 16.)  The ALJ entered the following findings in this

9  regard:

10        1.   The claimant's application for supplemental
11             security income benefits filed on October 9, 1998
             was denied by Administrative Law Judge Perkins
12             on January 22, 2001.

13        2.   The initial denial of the claimant's October 9, 1998
             application may not be reopened and revised and
14             Judge Perkins' decision finding the claimant "not
             disabled" through that [sic] May 18, 2001 pursuant
15             to that application remains binding under the
             principles of administrative finality.

16        3.   The claimant is not entitled to submit additional
             evidence to establish disability beginning in 1998.
17
18        4.   The claimant has been "disabled" since October 17,
             2002 only pursuant to his application for
19             supplemental security income benefits filed on that
             date.

20  (Tr. at 16.)  The Appeals Council declined review of the ALJ's decision on February 2, 2006.

21  (Tr. at 4-7.)  Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the

22  complaint in this action on April 7, 2006.

23                          **LEGAL STANDARD**

24         The Commissioner's decision will be upheld if the findings of fact are supported

25  by substantial evidence and the proper legal standards were applied.  Schneider v. Comm'r of the

26  Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec.

4

1   Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The findings of the Commissioner as to any fact, if

2   supported by substantial evidence, are conclusive.  See Miller v. Heckler, 770 F.2d 845, 847 (9th

3   Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as

4   adequate to support a conclusion.  Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995

5   (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

6           A reviewing court must consider the record as a whole, weighing both the

7   evidence that supports and the evidence that detracts from the ALJ's conclusion.  See Jones, 760

8   F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum

9   of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

10  substantial evidence supports the administrative findings, or if there is conflicting evidence

11  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

12  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

13  improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

14  1335, 1338 (9th Cir. 1988).

15                              **APPLICATION**

16          In his motion for summary judgment, the pro se plaintiff advances five arguments.

17  First, plaintiff asserts that ALJ Laverdure erred in determining that the letter issued by the

18  Appeals Council dated May 18, 2001 constituted a final decision on plaintiff's SSI application

19  filed October 9, 1998.  The remainder of plaintiff's arguments challenge the decision rendered by

20  ALJ Perkins in 2001 and are as follows:  (1) the finding of "not disabled" by ALJ Perkins based

21  on the evidence in plaintiff's October 9, 1998 application was legal error; (2) ALJ Perkins erred

22  in finding that plaintiff was not credible; (3) ALJ Perkins' failure to consider lay evidence was

23  legal error; and (4) ALJ Perkins failed to properly credit the treating physician's opinion.

24  Because the court's decision with regard to the first of plaintiff's arguments precludes

25  consideration of the remaining claims, the court addresses only the question of whether ALJ

26  /////

1  Laverdure erred in determining that the letter issued by the Appeals Council dated May 18, 2001

2  constituted a final decision on plaintiff's SSI application filed October 9, 1998.

3      Plaintiff challenges the finality of the decision of the Appeals Council on his first

4  SSI application.  Pursuant to 42 U.S.C. § 405(g), a claimant who has been denied SSI benefits

5  may seek judicial review of "any final decision" of the Commissioner in the United States

6  District Court in the judicial district in which the claimant resides.  "A final decision has two

7  elements:  (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of

8  administrative remedies."  Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir. 2003) (citing Johnson

9  v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993)).[6]  The finality required for judicial review includes a

10  decision from the Appeals Council in those cases where a claimant seeks such review.

11  Weinberger v. Salfi, 422 U.S. 749, 765 (1975); see also 20 CFR §§ 404.979, 404.981.

12      Here, plaintiff contends that ALJ Laverdure erred in concluding that

13  administrative finality precluded him from considering plaintiff's disability status for the period

14  from August 31, 1998 through October 17, 2002.  Defendant counters by arguing that there had

15  already been a final decision made by the Commissioner in plaintiff's first administrative

16  proceeding and that his first application could not be reopened without a showing of "good

17  cause" as described in 20 C.F.R. §§ 416.1487, 416.1488, and 416.1489.  Defendant claims that

18  plaintiff met none of the "good cause" requirements.

19      The "good cause" requirements cited by defendant apply only to decisions which

20  are "final and binding."  20 C.F.R. § 416.1487(a).  Here, plaintiff argues that there was no "final

21  and binding" decision issued by the Appeals Council with respect to his first application and that

22  the principle of administrative finality does not bar a determination of his claim of disability with

23

24    [6] "In assessing administrative finality for purposes of judicial review, we look to whether
the order amounts to a definitive statement of the agency's position . . . ." Cal. Dep't of Water

25  Resources v. F.E.R.C., 341 F.3d 906, 909 (9th Cir. 2003) (citing Mt. Adams Veneer Co. v.
United States, 896 F.2d 339, 343 (9th Cir. 1990)).  The standards of finality are met when a

26  decision disposes of all issues.  Id.

1   on onset date of August 31, 1998 continuing through October 17, 2002.  The court finds

2   plaintiff's argument in this regard to be compelling.

3           On May 18, 2001, the Appeals Council issued an ambiguous and confusing letter

4   which not only denied plaintiff's request for review of ALJ Perkins' January 22, 2001 decision,

5   stating that this was the "final decision of the Commissioner of Social Security," but also at the

6   same time acknowledging plaintiff's request for an extension of time to submit additional

7   evidence and stating that additional evidence submitted would be considered.  (Tr. at 47.)

8   Plaintiff has offered evidence that his non-attorney representative faxed "either requests for

9   extensions or medical reports" to the Appeals Council on May 25, 2001 and June 27, 2001.

10  (Pl.'s Compl., Ex. 2 at 1 & Attach. 4.)  On July 16, 2001, plaintiff's representative received the

11  Appeals Council's letter informing him that action would be deferred on plaintiff's case "for a

12  period of 40 days awaiting receipt of any additional evidence or arguments you wish to submit."

13  (Pl.'s Compl., Ex. 2 at 1, Attachs. 2 & 3.)  The July 16, 2001 letter directed plaintiff's

14  representative to submit any additional evidence directly to the Appeals Council and stated that if

15  no additional evidence was received within 40 days, the Council would "proceed with its action

16  on this case based on the present record."  (Pl.'s Compl., Ex. 2 at 1 & Attach. 3.)  Following

17  receipt of the July 16, 2001 letter, plaintiff's representative faxed "either requests for extensions

18  or medical reports" to the Appeals Council on eight occasions between July 19, 2001 and March

19  7, 2002. (Pl.'s Compl., Ex. 2 at 1.)  Two of those occasions occurred within 40 days after July 16,

20  2001.  (Id.)  The record also includes evidence that plaintiff was informed by an Appeals Council

21  Hearings and Appeals Analyst, that further evidence would be considered and that the Appeals

22  Council May 18, 2001 decision "went out prematurely."  (Tr. at 36.)  Defendant has not

23  attempted to refute any of the evidence submitted by plaintiff in this regard.

24          "The doctrine of res judicata should not be applied rigidly in administrative

25  proceedings."  Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988) (citing Lyle v. Sec'y of

26  Health & Human Servs., 700 F.2d 566, 568 n.2 (9th Cir. 1983)).  Enforcement of administrative

1    res judicata "must be tempered by fairness and equity," and the doctrine should be qualified or

2    rejected when "application would contravene an overriding public policy or result in manifest

3    injustice." Thompson v. Schweiker, 665 F.2d 936, 940-41 (9th Cir. 1982) (citing Tipler v. E. I.

4    duPont deNemours & Co., 443 F.2d 125, 128 (6th Cir. 1971)).  "Fairness in the administrative

5    process is more important than finality of administrative judgments." Thompson, 665 F.2d at

6    941.  Where the policies of fairness and finality conflict, application of res judicata principles is

7    inappropriate.  Id.

8            Application of res judicata principles under these circumstances would result in

9    manifest injustice to the pro se plaintiff, who cannot reasonably be expected to have interpreted

10   either of the confusing and contradictory letters sent by the Appeals Council as a final decision

11   on his initial application.  Furthermore, if the Appeals Council letter of May 18, 2001 was

12   intended to be a final decision, plaintiff would have had to appeal that decision to this court

13   within 60 days, while at the same time submitting additional evidence to the Appeals Council

14   with respect to his disability application under the terms of that letter.  The statement by the

15   Appeals Council that it would accept submission of further evidence can only be interpreted to

16   mean that there was some evidence that might still have led the Appeals Council to act in

17   plaintiff's favor and reverse ALJ Perkins' decision.  If, based on plaintiff's additional evidence,

18   the Appeals Council had determined that plaintiff was in fact disabled, or that further

19   proceedings were required, the concurrent action in this court would have been rendered moot.

20   The Appeals Council's letters were ambiguous and confusing at best.

21           Based on the present record, the court finds that the July 16, 2001 letter

22   constitutes the last action taken by the Appeals Council with regard to plaintiff's first SSI

23   application.  The record reflects that the Appeals Council failed to "proceed with its action on

24   this case" as promised in the July 16, 2001 letter.  This failure to proceed left the case open and

25   undecided, and no further action was taken to put plaintiff on notice that the Commissioner's

26   decision was final.  There was never a definitive statement of the agency's position.  See

1   Cal. Dep't of Water Resources v. F.E.R.C., 341 F.3d 906, 909 (9th Cir. 2003) (citing Mt. Adams

2   Veneer Co. v. United States, 896 F.2d 339, 343 (9th Cir. 1990)).  The standards of finality are not

3   met by the July 16, 2001 letter because the document did not dispose of all issues pending before

4   the Appeals Council.  Id.  Under these circumstances, the court concludes that the Commissioner

5   simply failed to issue a final decision with respect to plaintiff's October 9, 1998 application.[7]

6          A final decision was never issued by the Commissioner on plaintiff's first SSI

7   application.  The ALJ in the second proceeding declined to consider plaintiff's disability prior to

8   October 17, 2002.  Accordingly, the merits of plaintiff's claim of disability for the period from

9   August 31, 1998 to October 17, 2002 have yet to be determined.  Remand is appropriate for that

10  purpose.

11                                    **CONCLUSION**

12         For the reasons set forth above, the court concludes that the ALJ erred in finding

13  that principles of administrative finality barred consideration of plaintiff's application with

14  respect to the period from August 31, 1998 to October 17, 2002.  The matter will be remanded

15  for further proceedings regarding plaintiff's eligibility for benefits for that period.[8]

16

17         [7]  Any other conclusion would pose serious constitutional issues regarding the
    administrative proceedings in this case.  The Fifth Amendment guarantees that "[n]o person shall
18  be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.
    When a litigant has been denied a full and fair opportunity to litigate his claims in an earlier
19  proceeding, application of res judicata would violate due process of law.  Arecibo Radio Corp. v.
    Commonwealth of P.R., 825 F.2d 589, 592 (1st Cir. 1987) (citing Allen v. McCurry, 449 U.S.
20  90, 101 (1980)).  In the instant case, application of the doctrine of res judicata or administrative
    finality would result in plaintiff being deprived of a full and fair opportunity to litigate his first
21  SSI application.  The letters issued by the Appeals Council on May 18, 2001 and July 16, 2001
    gave plaintiff extensions of 60 days and 40 days respectively to file further evidence in support of
22  his initial claim for SSI benefits.  Plaintiff submitted further evidence to the Appeals Council, but
    no decision was ever issued taking that new evidence into account.  The absence of a final
23  decision and the Appeals Council's failure to consider evidence properly submitted to it pursuant
    to the Council's own authorization denied plaintiff the opportunity to fully and fairly litigate his
24  claim.  For this reason as well, the doctrine of res judicata should not be applied to bar
    consideration of plaintiff's alleged onset of disability as of August 31, 1998.

25
           [8]  The court expresses no opinion with respect to the merits of plaintiff's application for
26  benefits for the disputed time period.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is granted in part;

2. Defendant's cross-motion for summary judgment is denied;

3. The decision of the Commissioner of Social Security is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

DATED: July 31, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:jp
Ddad1/orders.socsec/jefferson0756.order

10